Abraham Y. Skoff, Esq. (AS-5330)
Ruth C. Haber (RH-0406)
MOSES & SINGER LLP
405 Lexington Avenue
New York, NY 10174
Tel: (212)-554-7800
askoff@mosessinger.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOVEREIGN BANK,

           Plaintiff,

-against-

NORTHERN LEASING SYSTEMS, INC.,

           Defendant.

Case No. 1:10-cv-5530-AKH

**ANSWER**

---

Defendant, NORTHERN LEASING SYSTEMS, INC. ("Defendant" or "NLS"), by its attorneys, Moses & Singer LLP, answers the Complaint of Plaintiff, SOVEREIGN BANK ("Plaintiff") dated July 21, 2010 (the "Complaint"), and alleges as follows:

### PARTIES

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and, for this reason, denies those allegations.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendant denies those allegations.

4. The allegations contained in paragraph 4 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendant denies those allegations.

## INTRODUCTION

5. Defendant admits that Plaintiff purports to bring this action to enforce three servicer guarantees, but otherwise denies the allegations in paragraph 5 of the Complaint, most of which consist of legal argument and conclusions to which no responsive pleading is required.

## FIRST COUNT

**A.    The Loan Agreements**

6. Defendant denies the allegations of Paragraph 6 of the Complaint, except admits that, on information and belief, the Borrowers are parties to agreements as listed in Paragraph 6, and respectfully refers the Court to such agreements for the construction, interpretation, purport, application, genuineness and legal effect thereof, and except admits that, on information and belief, Plaintiff provided loans and accommodations to the Borrowers in a substantial amount, and that certain of the obligations of the Borrowers are secured by pools of equipment leases and the revenue streams therefrom, as provided for in such agreements and documentation, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

8. Defendant denies the allegations of Paragraph 8 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof, and except admits the general description of the process as alleged, but respectfully refers the Court to the relevant agreements for the specific terms and requirements thereof.

9. Defendant denies the allegations of Paragraph 9 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

10. Defendant denies the allegations of Paragraph 10 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

11. Defendant denies the allegations of Paragraph 11 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

**B.     The Guaranties**

12. Defendant admits only that it executed and delivered the documents referred to in Paragraph 12 of the Complaint, but otherwise denies the allegations of Paragraph 12, except respectfully refers the Court to the agreements alleged for the construction, interpretation, purport, application, genuineness and legal effect thereof.

13. Defendant denies the allegations of Paragraph 13 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

14. Defendant denies the allegations of Paragraph 14 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

15. Defendant denies the allegations of Paragraph 15 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

16. Defendant denies the allegations of Paragraph 16 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

### C. Borrowers' and NLSI's Alleged Events of Default Under the Loan Agreements and Guaranties

#### 1. June 2010 Alleged Event of Default

17. Defendant denies the allegations of Paragraph 17 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

18. Defendant denies the allegations of Paragraph 18 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

19. Defendant admits that Sovereign received wire transfers from the Lockbox Account totaling $1,097,233.70 during the applicable period from May 1, 2010 through and including May 31, 2010. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Sovereign had credits available of $209,851.53 as a reserve balance. Defendant denies the remaining allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

22. Defendant denies the allegations of Paragraph 22 of the Complaint, and denies that the Loan Agreements require Defendant to make any such payment and denies any liability as to such alleged payments.

### 2. July 2010 Alleged Event of Default

23. Defendant denies the allegations of Paragraph 23 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

24. Defendant denies the allegations of Paragraph 24 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

25. Defendant admits that from June 1, 2010 through and including June 30, 2010 Sovereign received from the Lockbox Account $1,547,095.38 which was available to be applied against any alleged amounts due. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations, and therefore denies the remaining allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

28. Defendant denies the allegations of Paragraph 28 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint, except respectfully refers the Court to the agreements alleged for the terms, construction, interpretation, purport, application, genuineness and legal effect thereof, and asserts that such deposit was not required.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint, either in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by the doctrine of payment.

### FOR A THIRD AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the doctrine of setoff.

### FOR A FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred because there is no term, in an express or implied contract, between Plaintiff and Defendant permitting the present claims and, because of this, Plaintiff cannot assert any rights.

## FOR A FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff is not entitled to interest or to punitive, extraordinary, speculative or non-foreseeable damages or to counsel fees and costs pursuant to law or contract.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, together with costs and disbursements.

Dated: New York, New York
September 22, 2010

> Yours, etc.,
>
> MOSES & SINGER LLP
> *Attorneys for Defendant*
>
> By:   /s/ Abraham Y. Skoff
> Abraham Y. Skoff, Esq.
> Ruth C. Haber, Esq.
> The Chrysler Building
> 405 Lexington Avenue
> New York, New York 10174-1299
> (212) 554-7800

To:   Louis T. DeLucia
Schiff Hardin LLP
*Attorneys for Plaintiff*
900 Third Avenue
Twenty-Third Floor
New York, NY 10022

835459v1   011082.0125